UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RESHAD SALEH,

Plaintiff,

v.

VALBIN CORPORATION,

Defendant.

Case No. 17-CV-00593-LHK

**ORDER APPROVING SETTLEMENT**

Re: Dkt. No. 117

Before the Court is the parties' joint motion for settlement approval. ECF No. 117 ("Mot."). Having considered the parties' briefing, the relevant law, the November 15, 2018 hearing, and the record in this case, the Court GRANTS the parties' joint motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2017, named Plaintiff Rashad Saleh filed this collective action case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendant Valbin Corporation ("Valbin") failed to pay adequate overtime. Mot. at 2; ECF No. 1. Valbin employed Saleh as a role-player in simulated Middle Eastern villages used to train members of the U.S. military. Mot. at 1. Saleh alleges that he is entitled to be paid for 24 hours per day because the "work conditions at the [Fort Hunter Liggett] facility[, where the role players were located and

most of them resided,] rendered them on-duty 24 hours per day." *Id.* at 2, 6-7. Saleh sought FLSA conditional collective action certification, ECF No. 47, which the Court granted on November 2, 2017, ECF No. 61. The collection action class was conditionally certified as "[a]ll current and former role players who worked for Valbin Corporation at Fort Hunter Liggett at any time between February 6, 2014 and the present." *Id.* at 18. Ultimately, 25 Plaintiffs opted in to the class, but 2 were dismissed based on statute of limitations grounds, leaving 23 collective action members ("Plaintiffs"). Mot. at 2.

The parties proceeded through discovery. *Id.* at 3. On October 29, 2018, the parties submitted a joint motion for settlement approval. ECF No. 117.

## II.    LEGAL STANDARD

The Eleventh Circuit has explained that a FLSA claim can be settled in two ways. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA under the supervision of the Secretary of Labor. *Id.* Second, an employee may settle and waive claims under the FLSA if a district court approves the settlement. *Id.* Although the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed the Eleventh Circuit's *Lynn's Food Stores*. *See, e.g., Khanna v. Inter-Con Sec. Systems, Inc.*, 2012 WL 4465558, at *10 (E.D. Cal. 2012); *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D. Cal. 2011)*; Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D. Cal. 2008); *Yue Zhou v. Wang's Restaurant*, 2007 WL 17230, at *1-3 (N.D. Cal. 2007).

Before approving a FLSA settlement, the court must scrutinize the settlement agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1354-1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III.   DISCUSSION

The settlement in this case includes the following terms. Valbin will pay $30,000 into the

settlement fund. ECF No. 126 at ¶ 18. Plaintiffs' attorney's costs totaling $10,046.62 as well as an incentive payment for Saleh totaling $1,000 will be deducted from the settlement fund. *Id.* The remaining amount of money, $18,953.38, will be distributed evenly amongst all the collective action class members. *Id.* Thus, each class member (with the exception of Saleh) will receive $824.06. *Id.* Saleh receives $1,824.06. Plaintiffs' attorney requests no attorney's fees.

In order to approve the settlement in the instant case, the Court must find that (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is fair and reasonable, and (3) the award of costs is reasonable. The Court addresses each issue in turn.

### A.  Bona Fide Dispute

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046, *1 (N.D.Cal. Aug. 8, 2007)); *Lynn's Food Stores*, 679 F.2d at 1353 n.8 (requiring "settlement of a bona fide dispute between the parties with respect to coverage or amount due under the [FLSA]"). The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties. *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

Here, there is a bona fide dispute. Plaintiffs believe that they should be compensated for 24 hours of work each rotation they were on because the conditions on base effectively rendered them to be working 24 hours a day. Mot. at 2. They alleged that "[t]roops would interact with the role players at all times of the day and night in accordance with the specific rotation tasks. The exercises during these rotations are completely unscripted and can occur at any time, day or night." ECF No. 1 at ¶¶ 52-53. Valbin maintains that the Plaintiffs admitted they were not on duty 24 hours per day, and that the Plaintiffs agreed they would not be paid for time in excess of the up to 10 hours of role playing time each day. Mot. at 8.

3

Furthermore, Plaintiffs also argue that Department of Labor ("DOL") rules require that when an employee resides on the employer's premises, "the employer may deduct 'sleep time' [from the employee's pay only] . . . if three requirements are met." *Muan v. Vitug*, 2014 WL 1410209, at *3 (N.D. Cal. Apr. 11, 2014). "First, employees must be provided private quarters in a homelike environment. Second, a reasonable agreement must be reached, in advance, regarding compensable time. Third, this agreement should normally be in writing . . . ." *Id.* Valbin disputes whether these particular DOL rules apply to them because these rules "have been applied solely to persons providing care in *residential care facilities* when they live at the facility." Mot. at 9 (emphasis added).

Moreover, the parties dispute the full extent of damages that would need to be paid under FLSA. ECF No. 1 at ¶ 124-25; ECF No. 9 at p. 10 ¶ 8. Under FLSA, 29 U.S.C. § 216(b) provides that "an employer who violates the Act shall be liable for unpaid overtime compensation plus an additional equal amount as liquidated damages." *Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996). However, such liquidated damages may be avoided if the employer can establish "subjective and objective good faith in its violation of the FLSA." *Id.* Therefore, there is a non-frivolous defense as to whether Valbin would owe liquidated damages in this case.

Additionally, FLSA usually has a two-year statute of limitations. 29 U.S.C. § 255(a). If the violation of FLSA was willful, however, there is a three-year statute of limitations. *Id.* The burden is on the employee to show a willful violation of FLSA. *Flores v. Velocity Express, LLC*, 250 F. Supp. 3d 468, 494 (N.D. Cal. 2017). As with the subjective and objective good faith inquiry for liquidated damages above, Valbin likely has a good defense on the charge of willfulness in this case.

Based on the above disputed aspects of the case, the court finds there to be a bona fide dispute under FLSA. Moreover, the Court notes that the purpose of the bona fide dispute requirement has been satisfied here. *See Lynn's Food Stores*, 679 F.2d at 1353 n.8 (noting that the bona fide dispute requirement exists to prevent an employee's waiver of payments such as

4

overtime payments or liquidated damages if it is clear that the employer owes such payments).

**B.      Fair and Reasonable Resolution**

To determine whether the settlement is fair and reasonable, the Court looks to the "totality of the circumstances" and the "purposes of FLSA." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016). The *Selk* court identified the following factors to be considered:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*Id.* The Court addresses each factor in turn.

**1.      Plaintiff's Range of Possible Recovery**

There are 23 Plaintiffs who worked a total of 265 days during the class period. Assuming Plaintiffs worked 24 hours a day, the collective action Plaintiffs would be entitled to a maximum recovery of $79,500. Mot. at 5. If liquidated damages were assessed, then the amount would double to $159,000. Therefore, the $30,000 settlement is 37.74% of total possible recovery, assuming liquidated damages were not assessed. Assuming liquidated damages were assessed, the settlement amount here would be 18.87% of total possible recovery. In *Glass v. UBS Fin. Servs., Inc.*, the court found that a wage and hour case settling at 25 to 35% of the total possible recovery was reasonable. 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009); *see also Greer v. Pac. Gas & Elec. Co.*, 2018 WL 2059802, at *8 (E.D. Cal. May 3 2018) (finding reasonable a settlement of 30% of estimated total possible recovery); *Johnson v. MetLife, Inc.*, 2014 WL 12773568, at *9 (C.D. Cal. Nov. 6, 2014) (33% was reasonable). Furthermore, considering Plaintiffs' admission that "their claims against Valbin were not as substantial as they initially believed when they brought the case," Mot. at 3, the Court finds that the settlement amount is reasonable.

Thus, this factor weighs in favor of approval of the FLSA settlement.

**2.      The Stage of the Proceedings and Amount of Discovery Completed**

5

The Court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement. *See Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution."). So long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, "the parties engaged in discovery including interrogatories, document production, admissions, and depositions." Mot. at 3. Furthermore, the parties briefed and the Court ruled on collective action certification. Given the late stage of the case, the Court believes that the parties have a very good sense of the merits of their respective positions.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 3. The Seriousness of the Litigation Risks Faced by the Parties

This factor favors approving a settlement where "there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015). In light of Plaintiffs' admission that "their claims against Valbin were not as substantial as they initially believed when they brought the case," Mot. at 3, the Court is led to believe that further litigation might result in the collective action class recovering less or nothing.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 4. The Scope of Any Release Provision in the Settlement Agreement

Courts in this district have rejected blanket releases for all potential claims. *See, e.g.*, *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) ("The Court finds that the parties have failed to demonstrate that it would be fair and reasonable for the Court to enforce the broad general release provision contained in the settlement agreements."). However, in the Ninth Circuit when a district court approves a class action settlement, "a federal court may release not only those claims alleged in the complaint, but also a

6

claim 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992).

Here, the release provision, consistent with Ninth Circuit precedent, is limited to releasing claims based on the identical factual predicate as the claims in the instant action. This is not an example of a release provision that would "release claims based on different facts than those alleged in the litigation at issue." *Chavez v. PVH Corp.*, 2015 WL 581382, at *5 (N.D. Cal. Feb. 11, 2015). Moreover, this release provision is not a blanket release of all potential claims.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 5. The Experience and Views of Counsel and the Opinion of Participating Plaintiffs

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D.Cal. Jul. 11, 2014) (Orrick). Here, Plaintiffs' counsel asserts that "the settlement is fair and reasonable." ECF No. 126 at ¶ 16. Plaintiffs' counsel has been practicing law for 22 years, and has represented more than 4,000 plaintiffs in employment-related matters. *Id.* at ¶ 11. Moreover, "Plaintiffs were informed of their *pro rata* share of the expenses and approved their allocation of the expenses before agreeing to the settlement." Mot. at 13. Furthermore, to date, 21 out of the 23 collective action class members have agreed to the settlement, indicating widespread approval of the settlement by the participating Plaintiffs.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 6. The Possibility of Fraud or Collusion

The likelihood of fraud or collusion is low here because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator. *City P'ship Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the

settlement."). There is nothing on the face of the record that shows that Plaintiff's counsel "allowed pursuit of their own self-interests and that of certain class members to infect the negotiation." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Additionally, the Court does not find evidence of more "subtle signs" of collusion, such as "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *Id.* Class counsel is not requesting any attorneys' fees, only litigation expenses.

Overall, on consideration of the totality of the circumstances, the Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

**C.      Costs**

Costs may also be awarded as part of a FLSA settlement. *Selk*, 159 F. Supp. 3d at 1180–81 (finding an award of $10,218 to be reasonable). Here, Plaintiffs' counsel requests $10,046.62 in costs. ECF No. 126 at ¶ 18. These costs involve court fees and mediation fees, as well as travel expenses. ECF No. 117-3. Much of the costs ($4000) went to hire the private mediator. *Id.* The Court finds these costs to be reasonable.

Accordingly, the settlement in this case involves a fair and reasonable resolution of a bona fide dispute and involves a reasonable award of attorney's costs.

**IV.      CONCLUSION**

For the foregoing reasons, the Court GRANTS the parties' joint motion for settlement approval.

**IT IS SO ORDERED.**


Dated: November 15, 2018

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California